*In re Schermerhorn*, No. 669-11-14 Wncv (Teachout, J., May 7, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                        **CIVIL DIVISION**
**Washington Unit**                                        **Docket No. 669-11-14 Wncv**

**In re BRETT K. SCHERMERHORN**
      **Petitioner**

### DECISION
**Petitioner's Renewed Motion to Enforce Subpoena Duces Tecum,**
**Petitioner's Motion for Costs, and**
**OPR's Renewed Motion to Quash and Motion to Dismiss**

In a decision dated August 11, 2014, the Board of Real Estate Appraisers disciplined Petitioner Brett K. Schermerhorn's professional license with a reprimand and a fine. In a decision dated October 29, 2014, the result of a separate unprofessional conduct case, the Board suspended Mr. Schermerhorn's license for at least one year, placed conditions on reinstatement, and imposed another fine. Mr. Schermerhorn proceeded pro se before the Board in both cases. Following the suspension decision, he retained counsel who, within the appeal period of the latter case, filed with the Board a motion seeking a stay and relief under Rule 59. Counsel also issued a subpoena to the Office of Professional Regulation (OPR) commanding the extensive production of documents on extremely short notice—production due by November 11, 2014. On November 12, 2014, Mr. Schermerhorn filed in this court a motion to enforce the subpoena pursuant to 3 V.S.A. § 809a(b). OPR responded with a motion to quash and dismiss.

Both motions were heard at a hearing on November 18, 2014. One of the principal disputes between the parties was (and is) whether Mr. Schermerhorn could properly use the device of a 3 V.S.A. § 809(h) subpoena in the post-judgment posture of his administrative cases or his request for documents should have been undertaken directly pursuant to 3 V.S.A. § 131(e), which gives professional licensees a broad right to access documents in OPR's possession that relate to the licensee except for investigatory files that did not result in charges and attorney work product.

The court did not expressly resolve that dispute at the hearing. Rather, the hearing concluded when the parties agreed that Mr. Schermerhorn would narrow his request for documents, OPR would produce any remaining documents needed to comply with the narrowed request, and OPR would give Mr. Schermerhorn a privilege log with regard to any withheld attorney work product. There was no agreement with regard to what might happen thereafter except that the case would be dismissed if nothing was filed by a date certain.

OPR produced the remaining requested documents as agreed with a privilege log detailing withheld attorney work product. Mr. Schermerhorn then filed a motion asking the court to review the withheld attorney work product in camera. He also filed a motion seeking the

refund of his filing fee and an assessment of costs and attorney fees against OPR, citing 3 V.S.A. § 809a(e). OPR renewed its motion to quash and dismiss.

*The nature of this case; costs, attorney fees, and the filing fee*

Mr. Schermerhorn initiated this case with a filing characterized as a motion to enforce a subpoena issued pursuant to 3 V.S.A. § 809(h). Section 809 is a provision of Vermont's Administrative Procedures Act. Section 809 controls certain procedural aspects of contested cases administrative cases within the Executive branch. Subsection (h) reads in pertinent part as follows:

> The chair of a board, commission or panel, a hearing officer appointed by a board, commission or panel, *or a licensed attorney representing a party before a board*, commission or panel may, whether or not specifically authorized in any other provision of law, compel, by subpoena, the attendance and testimony of witnesses and the production of books and records. *Sections 809a and 809b of this title shall apply to all subpoenas issued under this subsection.*

3 V.S.A. § 809(h) (emphasis added). Section 809a allows enforcement of such a subpoena in superior court on motion without a filing fee. It further provides that if

> the court determines that the subpoena was properly issued, and that failure to comply with the agency's subpoena was without reasonable excuse, it shall assess a penalty against the respondent, to be paid to the petitioner, in an amount not to exceed $100.00 and shall also award all costs of litigation which the petitioner incurred as a result of the respondent's noncompliance, including but not limited to costs of issuing new subpoenas and incurring additional expenses for expert witnesses.

3 V.S.A. § 809a(e). Mr. Schermerhorn continues to insist that these sections authorize his subpoena and this enforcement action and entitle him to an award of costs and fees as well as the refund of his filing fee.

The administrative subpoena authorized by 3 V.S.A. § 809(h) plainly is intended to compel "the attendance and testimony of witnesses and the production of books and records" in contemplation of the hearing to which a party is entitled in the course of a contested case. Mr. Schermerhorn's contested case hearings already had occurred, and the Board had issued final decisions, when the disputed subpoena was directed to OPR. Section 809(h) does not give a party the unbridled authority to issue subpoenas. Mr. Schermerhorn's was untimely and thus not properly issued.

Separately, under a Subchapter of Title 3 entitled "Professional Regulation" which is within Chapter 5 regarding the responsibilities of the Secretary of State, a professional licensee has "the right to inspect and copy all information in the possession of the office pertaining to the licensee or applicant, except investigatory files which have not resulted in charges of

2

unprofessional conduct and attorney work product." 3 V.S.A. § 131(e). Neither § 131 nor related statutes, however, supply any procedure by which this right may be enforced. Generally, relief in the nature of mandamus may be sought under Rule 75 when no other right of review is available to enforce a "simple ministerial duty imposed by law," *Ahern v. Mackey*, 2007 VT 27, ¶ 8, 181 Vt. 599, or to vindicate a "clear failure to fulfill a legal duty," *Inman v. Pallito*, 2013 VT 94, ¶ 15, 195 Vt. 218.

At the November 18 hearing, the court essentially treated this case as though it had been properly filed pursuant to Rule 75. See V.R.C.P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Because Mr. Schermerhorn agreed to limit his request to those materials to which he is entitled under 3 V.S.A. § 131(e) and OPR agreed to produce the materials required by § 131(e), the case proceeded as such.[1] Because Mr. Schermerhorn persists in his request for costs, the court now expressly clarifies that it treats this as a Rule 75 case, not as an enforcement proceeding pursuant to 3 V.S.A. § 809a. There can be no basis for costs under § 809a(e) or the refund of the filing fee.[2]

*In camera review*

Mr. Schermerhorn notes that the attorney work product privilege is qualified. It is "subject to override 'upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by any other means.'" *Pcolar v. Casella Waste Systems, Inc.*, 2012 VT 58, ¶ 17, 192 Vt. 343 (quoting V.R.C.P. 26(b)(3)).

Mr. Schermerhorn purports to need the withheld documents to see if they demonstrate that OPR violated his due process rights or failed to provide exculpatory evidence prior to his hearings. He offers no basis for thinking that the withheld work product would show either.

The court declines to review the withheld materials in camera based on speculation alone. Pure speculation is not substantial need. Mr. Schermerhorn received those documents to which he was entitled under 3 V.S.A. § 131(e) by agreement with OPR at the November 18 hearing.

There is no basis for further relief in this case.

---

[1] OPR argues that some limitations on the availability of 3 V.S.A. § 131(e) to a licensee might apply when the administrative case is in the discovery phase. The court does not need to resolve that matter in this case. The administrative cases are not in a discovery phase and, in any event, OPR agreed to produce the documents described in statute.

[2] Although not necessary to this decision, the court notes that there is no express statutory authority for an award of attorney fees in 3 V.S.A. § 809a(e). Moreover, the award of costs in § 809a(e) requires a showing that noncompliance with the subpoena was "without reasonable excuse." Even if the subpoena in this case had been properly issued, the urgent timeframe by which such extensive production was to occur was not shown to be reasonable. Though OPR might have had other reasons to resist production as well, the short timeframe alone supplied a "reasonable excuse" sufficient to defeat a claim for costs.

## ORDER

For the foregoing reasons, Mr. Schermerhorn's Motions to Enforce and for Costs are *denied*, and OPR's motion to quash and dismiss is *denied as moot*.


Dated at Montpelier, Vermont this _____ day of May 2015.


_____
Mary Miles Teachout
Superior Judge